**LAW OFFICES OF**
**NANCY E. LUCIANNA, P.C.**
**1638 CENTER AVENUE**
**FORT LEE, NEW JERSEY 07024**
**(201) 947-6484**
**(201) 947-3468 FAX**
**ATTORNEYS FOR PLAINTIFF, LINETTE VAZQUEZ**

| | |
|---|---|
| LINETTE VAZQUEZ,<br><br>               *Plaintiff.*<br><br>vs.<br><br>CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, AND JOHN AND JANE DOES 1-10 (unidentified police officers), individually and in their official capacity,<br><br>            *Defendants.* | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>DOCKET NO.: 13- 433 (WJM)<br><br><u>CIVIL ACTION</u><br><br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

## JURISDICTION AND VENUE

1.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1985(2) (3), 1986 and 1988 and the

First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United State Constitution.

Jurisdiction is founded on 28 U.S.C. §§1331 and 1343 (1) (2) (3) (4) and the aforementioned

statutory and Constitutional provisions for civil rights violations. Plaintiff further invokes the

pendent jurisdiction of this court to consider claims arising under State law, including but not

limited to: (a) Failure to Implement Appropriate Policies, Customs and Practices, (b) False

Arrest; (c) Unlawful Detention and Confinement; (d) malicious prosecution; (e) Intentional

Infliction of Emotional Distress; (f) Negligence; (g) Negligent Supervision; (h) Negligent
Hiring and Retention; and (i) Law against Discrimination ("LAD").

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) (1) as at least one Defendant resides in
this judicial district. This District also is an appropriate venue for this action under 28 U.S.C. §
1391(b) (2) as all the facts and events of each cause of action giving rise to the claims asserted
herein occurred in this judicial district.

3. The amount in controversy exclusive of interest and costs exceeds the sum of $75,000.00.

## PARTIES

4.    At all relevant time herein, the Plaintiff Linette Vazquez resided and is a resident of the
State of New Jersey, residing in the City of Paterson, New Jersey.

5. The Defendants: CITY OF PATERSON is a municipality incorporated within the State of
New Jersey, and the PATERSON POLICE DEPARTMENT, which at all relevant times herein,
employed the Defendants CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE
SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456,
PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER
MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON
POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN and JANE DOES 1-10 (unidentified
police officers) along with other Paterson Police Officers who are sued herein individually and
in their official capacity.

6. Each and all acts stated herein and alleged of the Defendants CHIEF OF POLICE
JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON
POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE
JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE
OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ,

and JOHN and JANE DOES 1-10 (unidentified police officers) along with other Paterson

Police Officers, are alleged to have been done by them under the color of law and pretense of

statutes, ordinances, regulations, customs and usages of the State of New Jersey, City of

Paterson, County of Passaic and under the authority of their office as police officers of the City

of Paterson.

7.  The aforementioned police officers were involved in the arrest and/or detention of

Plaintiff LINETTE VAZQUEZ. All actions and/or inactions taken by the police officers while

working for the Fort Lee Police Department were taken under the color of state law.

8.  Defendant CITY OF PATERSON is a municipal corporation organized under the laws of

the State of New Jersey. It is responsible for the policies, procedures, and practices

implemented through its various agencies, agents, departments, and employees, and for injury

occasioned thereby.

9.  Defendants JOHN and JANE DOES 1-10 are unidentified police officers of the Paterson

Police Department and were at all relevant times herein acting in the course and scope of their

employment and acting under the color of the law. Defendants JOHN and JANE DOES 1-10

participated in the arrest and/or detention of Plaintiff LINETTE VAZQUEZ. Defendants

JOHN and JANE DOES 1-10 are all sued herein in their individual and official capacities.

## FACTUAL BASIS COMMON TO ALL CLAIMS

10. On or about March 15, 2011, at approximately 3:00 a.m. Plaintiff LINETTE VAZQUEZ,

age 27, was a patron of the Egg Platter diner located on the corner of Crooks Avenue and Getty

Avenue in Paterson, New Jersey, 07505.

11. At same time and place, Defendants PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, AND PATERSON POLICE OFFICER MICHAEL MEZEY were also patrons of the Egg Platter diner.

12. The Plaintiff LINETTE VAZQUEZ along with three friends were seated in a booth next to the above-mentioned Defendants when, without cause or provocation, the Defendants began slurring sexually explicit, degrading, and sexist epithets at the Plaintiff LINETTE VAZQUEZ and using profane, abusive, and threatening language directed at the Plaintiff LINETTE VAZQUEZ.

13. Defendants PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, AND PATERSON POLICE OFFICER MICHAEL MEZEY also made vulgar remarks regarding the attire and profession of the Plaintiff and showed a sexist animus and bias against females.

14. While enduring the Defendants' verbal abuse and threatening conduct, another officer Defendant PATERSON POLICE OFFICER JUAN C. RODRIGUEZ arrived to the Egg Platter Diner and threatened to arrest Plaintiff LINETTE VAZQUEZ without reason.

15. At approximately 3:40 a.m. on the aforementioned date, Plaintiff LINETTE VAZQUEZ was arrested without probable cause and taken into police custody.

16. While detained at the Paterson Police Department and handcuffed to a bench, Plaintiff LINETTE VAZQUEZ, was repeatedly struck, beaten and choked by Defendant PATERSON POLICE OFFICER MICHAEL AVILA in the presence of JOHN and JANE DOES 1-10 (unidentified police officers).

17. As a result of this incident, Plaintiff LINETTE VAZQUEZ sustained serious and permanent physical injuries as well as psychological and emotional trauma, fear and

humiliation. She has suffered permanent damages due to the discriminatory acts and unlawful conduct of the Defendants herein mentioned.

18. At said time, Defendants PATERSON POLICE SERGEANT A. GROVATTO, and PATERSON POLICE SERGEANT BADGE NUMBER 0456 were the supervising Sergeants on duty.

## CAUSES OF ACTION

### COUNT ONE
### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
### (General Allegation)

19. Plaintiff re-alleges and incorporates herein by reference set forth in the above paragraphs 1-18 of this Complaint.

20. In committing the acts complained of herein, Defendants acted under the color of the law to deprive Plaintiff of certain constitutionally protected rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from false arrest, and; e) gender discrimination practices.

21. In violating Plaintiff's rights as set forth above and other rights to be proven at trial, Defendants Fort Lee Police Officers acted under the color of the law and conducted an unlawful detainment, confinement and false arrest of Plaintiff LINETTE VAZQUEZ. Defendants displayed a pattern and practice of racial discrimination and/or deliberate indifference to the civil rights of the Plaintiff and set into motion the chain of events that led to unlawful detainment and deprivation of liberty without due process in violation of Plaintiff's

civil rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

22. As a direct and proximate cause result of the violation of Plaintiff LINETTE VAZQUEZ's constitutional rights by the Defendants CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), Plaintiff suffered and continues to suffer physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish and other compensatory damages in an amount to be determined by the jury and the Court.

23. Defendants' acts were willful, wanton, malicious, oppressive and done with conscious disregard and deliberate indifference for Plaintiff's rights. Therefore, Defendants' actions justify an award to Plaintiff of punitive damages in an amount to be determined at trial.

24. Defendants' policies, practices, conduct and acts alleged herein have resulted and will continue to result in irreparable injury to the Plaintiff.

25. Defendants acted with discriminatory intent in violation of Plaintiff's legal and constitutional rights, and have directly and proximately caused Plaintiff's humiliation, mental pain and suffering. As a direct and proximate result of Defendants' violations of Plaintiff's statutory, constitutional and common law rights, Plaintiff LINETTE VAZQUEZ was caused to suffer damages.

26. At all times herein mentioned, Defendants had an obligation to comply with federal and state laws regarding gender discrimination. Defendants failed to meet these obligations with respect to the Plaintiff.

**WHEREFORE**, Plaintiff LINETTE VAZQUEZ demands judgment against Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), jointly, severally and/or individually for:

    (a) compensatory damages;

    (b) attorney fees, filing fees and cost of suit; and

    (c) any further relief which the Court may deem equitable and just.

## COUNT TWO
### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
### (Failure to Implement Appropriate Policies, Customs, and Practices)

27. Plaintiff repeats and re-alleges each and every allegation contained in Count One as if set forth at length herein.

28. On the aforementioned date and time, Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON

POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers) did violate Plaintiff LINETTE VAZQUEZ's constitutional rights and did so pursuant and custom to a de-facto pattern and practice of the Defendant's deliberate indifference to the Constitutional rights of Plaintiff LINETTE VAZQUEZ.

29. Defendant CITY OF PATERSON and PATERSON POLICE DEPARTMENT implicitly and explicitly adopted and implemented careless and reckless policies, customs, or practices that included among other things displaying a pattern and practice of gender discrimination towards the Plaintiff LINETTE VAZQUEZ.

30. The failure of the Defendants CITY OF PATERSON and PATERSON POLICE DEPARTMENT to adequately train and supervise the Defendants CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers) amounts to deliberate indifference to the civil rights of Plaintiff LINETTE VAZQUEZ to be free from the deprivation of liberty without due process, the right to be free from false arrest, unreasonable search and seizure, and gender discrimination under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

31. As a direct and proximate result of CITY OF PATERSON, PATERSON POLICE DEPARTMENT deliberate indifference which was committed under the color of the law, Plaintiff LINETTE VAZQUEZ suffered and continues to suffer physical including bodily injury, psychological and emotional distress, humiliation, embarrassment, loss of freedom,

anxiety, inconvenience, and mental and emotional anguish and is entitled to relief under 42

U.S.C. § 1983.

**WHEREFORE**, Plaintiff LINETTE VAZQUEZ demands judgment against Defendants

CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F.

WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE

SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON,

PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER

MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN

AND JANE DOES 1-10 (unidentified police officers), jointly, severally and/or individually for:

   (a) compensatory damages;

   (b) attorney fees, filing fees and cost of suit; and

   (c) any further relief which the Court may deem equitable and just.

### COUNT THREE
### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
### (False Arrest)

32. Plaintiff repeats and re-alleges each and every allegation contained in Count One and

Count Two as if set forth at length herein.

33. Defendants PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE

SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON,

PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER

MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN

AND JANE DOES 1-10 (unidentified police officers) acted under the color of the law by

falsely arresting and detaining Plaintiff with no basis in fact or law to do so. The Defendants

denied Plaintiff LINETTE VAZQUEZ her rights, privileges, and/or immunities secured by the United States Constitution depriving her of her liberty without due process of law, by taking her into custody and holding her against her will.

34. As a direct and proximate result of Defendants PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers) concerted, unlawful violation of Plaintiff's right to be free from false arrest, Plaintiff LINETTE VAZQUEZ suffered and continues to suffer physical, psychological and emotional distress, humiliation, embarrassment, loss of freedom, anxiety, inconvenience, mental and emotional anguish and is entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff LINETTE VAZQUEZ demands judgment against Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), jointly, severally and/or individually for:

(a) compensatory damages;

(b) attorney fees, filing fees and cost of suit; and

(c) any further relief which the Court may deem equitable and just.

## COUNT FOUR
### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
### (Assault and Battery /Excessive and Unreasonable Use of Force)

35. Plaintiff repeats and re-alleges each and every allegation contained in Count One, Count Two, and Count Three as if set forth at length herein.

36. On the aforementioned date and place, Defendant PATERSON POLICE OFFICER MICHAEL AVILA and JOHN AND JANE DOES 1-10 (unidentified police officers), began beating Plaintiff LINETTE VAZQUEZ about the body, choking her while she was handcuffed to a bench and yelled threats and profanities aimed at Plaintiff.

37. While processing the Plaintiff LINETTE VAZQUEZ, the Defendants, PATERSON POLICE OFFICER MICHAEL AVILA and JOHN AND JANE DOES 1-10 (unidentified police officers), used excessive force after Plaintiff was detained and secured in that the Plaintiff was repeatedly struck in the face, and about the body, choked, and was caused to experience severe pain on her back.  The Defendants violently assaulted the Plaintiff by using excessive and unreasonable force.

38. The Defendants, PATERSON POLICE OFFICER MICHAEL AVILA and JOHN AND JANE DOES 1-10 (unidentified police officers),without legal provocation repeatedly struck, beat, and battered Plaintiff, LINETTE VAZQUEZ, maliciously and intentionally, handcuffed and falsely arrested and imprisoned Plaintiff and charged her with resisting arrest as a pretext for the aforesaid unlawful assault and battery and use of excessive force.

39. Plaintiff LINETTE VAZQUEZ suffered and continues to suffer physical, psychological and emotional distress, humiliation, embarrassment, loss of freedom, anxiety, inconvenience, mental and emotional anguish and is entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff LINETTE VAZQUEZ demands judgment against Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), jointly, severally and/or individually for:

(a) compensatory damages;

(b) attorney fees, filing fees and cost of suit; and

(c) any further relief which the Court may deem equitable and just.

### COUNT FIVE
#### Conspiracy

40. Plaintiff repeats and reiterates each and every allegation contained in Count One, Count Two, Count Three, and Count Four as if same were set forth at length herein.

41. Since the aforementioned date of assault, the Defendants, CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), engaged in a course of conduct designed to delay, obstruct and impair the investigation into the assault on the Plaintiff LINETTE VAZQUEZ beginning with the decision to unlawfully arrest the Plaintiff LINETTE VAZQUEZ without reason or cause and engage in a malicious prosecution of the Plaintiff LINETTE VAZQUEZ.

42. Further, after assaulting the Plaintiff LINETTE VASQUEZ, the Defendants CITY OF
PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F.
WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE
SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON,
PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER
MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN
AND JANE DOES 1-10 (unidentified police officers), did conspire with one another to cover
up the excessive use of force. In furtherance of the plan to cover up the excessive use of force,
the Defendants initiated a malicious prosecution against the Plaintiff LINETTE VAZQUEZ.

43. As a result of the wrongful acts of the Defendants, CITY OF PATERSON, PATERSON
POLICE DEPARTMENT, CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE
SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456,
PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER
MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON
POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified
police officers), jointly, severally and/or individually for the Plaintiff suffered numerous and
permanent damages.

44. Defendants' cover-up and concealment of the excessive use force used against the
Plaintiff was in violation of Plaintiff's rights under 42 U.S.C. § 1983 et seq. and § 1988.

**WHEREFORE**, Plaintiff LINETTE VAZQUEZ demands judgment against Defendants
CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F.
WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE
SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON,
PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER

MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN

AND JANE DOES 1-10 (unidentified police officers), jointly, severally and/or individually for:

    (a) compensatory damages;

    (b) attorney fees, filing fees and cost of suit; and

    (c) any further relief which the Court may deem equitable and just.

**COUNT SIX**
**Malicious Prosecution**

45. Plaintiff repeats and reiterates each and every allegation contained in Count One, Count

Two, Count Three, Count Four, and Count Five as if same were set forth at length herein.

46. The actions of Defendants as described in this Complaint constitute a deprivation of

Plaintiff's constitutional rights, including but not limited to Plaintiff's right pursuant to the

Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States to be free

from malicious prosecution, malicious abuse of process, and unlawful seizure and

incarceration.

47. The Defendants arrested the Plaintiff without probable cause and commenced prosecution

with malice and for a personal vendetta of the Defendants PATERSON POLICE SERGEANT

A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON

POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL

AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE

OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police

officers)

48. The Defendants caused there to be prosecution of the Plaintiff for resisting arrest and disorderly conduct. This prosecution was carried out by the Defendants with malice and without probable cause.

49. As a result of said prosecution, the Plaintiff was required to retain an attorney and appear in court.

50. The Plaintiff LINETTE VAZQUEZ along with the undersigned appeared numerous times while the Defendants failed to appear. As a result, the case was dismissed against the Plaintiff.

51. As a direct and proximate result of the acts of the Defendants as described in this complaint, Plaintiff has suffered permanent physical injuries, severe emotional distress, humiliation, embarrassment, and the loss of her freedom, employment, salary, and other benefits. Plaintiff has also incurred attorneys' fees and court costs.

**WHEREFORE**, Plaintiff LINETTE VAZQUEZ demands judgment against Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), jointly, severally and/or individually for:

(a) compensatory damages;

(b) attorney fees, filing fees and cost of suit; and

(c) any further relief which the Court may deem equitable and just.

## COUNT SEVEN
### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
### (False Detention and Confinement)

52. Plaintiff repeats and re-alleges each and every allegation contained in Count One, Count Two, Count Three, Count Four, Count Five, and Count Six as if set forth at length herein.

53. Defendants breached a duty of care owed to Plaintiff LINETTE VAZQUEZ, so as not to deprive her of her personal liberty by intentionally, wrongfully and unlawfully detaining and confining her without probable cause and without a warrant from the Court.

54. Plaintiff alleges that such acts directed towards her were malicious and belligerent and the acts were done with a conscious disregard for Plaintiff's right to be free from such tortious behavior such as to constitute oppression and malice behavior.

55. As a direct and proximate result of Defendants' concerted unlawful and malicious detention and confinement, Plaintiff LINETTE VAZQUEZ suffered and continues to suffer physical, psychological and emotional distress, humiliation, embarrassment, loss of freedom, anxiety, inconvenience, and mental and emotional anguish.

**WHEREFORE**, Plaintiff LINETTE VAZQUEZ demands judgment against Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), jointly, severally and/or individually for

(a) compensatory damages;

(b) attorney fees, filing fees and cost of suit; and

(c) any further relief which the Court may deem equitable and just.

## COUNT EIGHT
### (Intentional Infliction of Emotional Distress)

56. Plaintiff repeats and re-alleges each and every allegation contained in Count One, Count Two, Count Three, Count Four, Count Five,  Count Six and Count Seven as if set forth at length herein.

57. Defendants PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), intentionally and deliberately inflicted emotional distress on Plaintiff LINETTE VAZQUEZ by outrageous and extreme display pattern, practice, and policy of gender discrimination and/or deliberate indifference and by abusing the lawful process by unlawful purposes by violating Plaintiff's LINETTE VAZQUEZ constitutional rights.

58. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency.

59. As a direct and proximate result of Defendants' intentional, outrageous and extreme acts Plaintiff LINETTE VAZQUEZ suffered and continues to suffer psychological and emotional distress, humiliation, embarrassment, and mental and emotional trauma.

**WHEREFORE**, Plaintiff LINETTE VAZQUEZ demands judgment against Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER

MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN

AND JANE DOES 1-10 (unidentified police officers), jointly, severally and/or individually for:

    (a) compensatory damages;

    (b) attorney fees, filing fees and cost of suit; and

    (c) any further relief which the Court may deem equitable and just.

## COUNT NINE
### (Negligence)

60. Plaintiff repeats and re-alleges each and every allegation contained in Count One, Count

Two, Count Three,  Count Four, Count Five, Count Six, Count Seven, and Count Eight as if set

forth at length herein.

61. On or about March 15, 2011, Defendants PATERSON POLICE SERGEANT A.

GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON

POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA,

PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN

C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), were

negligent in their performance and/or failure to perform duties undertaken in the course of their

employment, including but not limited to failure to use due care at or about the times of the

aforementioned incident.

62. In committing the aforementioned acts and/or omissions, each Defendant negligently

breached said duty to use due care.

63. As a direct and proximate result of Defendants' gross negligence, Plaintiff LINETTE

VAZQUEZ suffered and continues to suffer physical, psychological and emotional distress,

humiliation, embarrassment, discomfort, loss of freedom, anxiety, inconvenience, and  mental

and emotional anguish.

**WHEREFORE,** Plaintiff LINETTE VAZQUEZ demands judgment against Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), jointly, severally and/or individually for:

(a) compensatory damages;

(b) attorney fees, filing fees and cost of suit; and

(c) any further relief which the Court may deem equitable and just.

**COUNT TEN**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**
**(Negligent Supervision)**

64. Plaintiff repeats and re-alleges each and every allegation contained in Count One, Count Two, Count Three, Count Four, Count Five, Count Six, Count Seven, Count Eight, and Count Nine as if set forth at length herein.

65. On or about March 15, 2011, Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT and CHIEF OF POLICE JAMES F. WITTIG, through its agents, servants and/or employees were negligent and otherwise reckless in that they failed to adequately train, supervise and properly control the Defendants PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), and did

negligently hire the Defendants PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers) creating an atmosphere of lawlessness within which officers perpetuated a violation of civil rights based upon gender, unlawful arrest, detention and confinement, discrimination, depravation of liberty, and prejudice against the Plaintiff LINETTE VAZQUEZ. Plaintiff LINETTE VAZQUEZ was detained, unlawfully arrested, and physically assaulted by member of the Paterson Police Department inflicting physical injuries, psychological trauma, fear, and humiliation, all of which were done in the belief that such acts were justified by the Defendants' authority as police officers of the City of Paterson and otherwise under the color of the law.

66. Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT and CHIEF OF POLICE JAMES F. WITTIG, failed to properly instruct and supervise their subordinate police officers and prevent the negligent acts of their subordinates when they knew or reasonably should have known of such acts and had the authority and responsibility to prevent these acts.

67. Acting under the color of the law, Defendants CITY OF PATERSON and PATERSON POLICE DEPARTMENT and CHIEF OF POLICE JAMES F. WITTIG negligently failed to instruct, supervise, control, and discipline on a continuing basis the Defendants PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers) as to their duty to refrain from: (a) unlawfully and maliciously

harassing a citizen by displaying a pattern, practice and policy of gender discrimination and/or deliberate indifference to the civil rights of its citizens; (b) unlawfully and maliciously arresting, detaining and confining a citizen; (c) and otherwise depriving Plaintiff LINETTE VAZQUEZ of her constitutional and statutory rights, privileges, and immunities.

68. Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT, and CHIEF OF POLICE JAMES F. WITTIG, directly and indirectly under the color of the law, approved or ratified the unlawful deliberate, reckless, and wanton conduct of the Defendants PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers)

69. As a direct and proximate result of the gross negligent supervision and intentional acts of Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT and CHIEF OF POLICE JAMES F. WITTIG, Plaintiff LINETTE VAZQUEZ suffered and continues to suffer physical, psychological and emotional distress, humiliation, embarrassment, discomfort, loss of freedom, anxiety, inconvenience, and mental and emotional anguish and it entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff LINETTE VAZQUEZ demands judgment against Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER

MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN

AND JANE DOES 1-10 (unidentified police officers), jointly, severally and/or individually for:

    (a) compensatory damages;

    (b) attorney fees, filing fees and cost of suit; and

    (c) any further relief which the Court may deem equitable and just.

### COUNT ELEVEN
### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
### (Negligent Hiring)

70. Plaintiff repeats and re-alleges each and every allegation contained in Count One, Count Two, Count Three, Count Four, Count Five, Count Six, Count Seven, Count Eight, Count Nine, and Count Ten as if set forth at length herein.

71. Defendants CITY OF PATERSON and PATERSON POLICE DEPARTMENT selected, hired, and retained Defendants CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), to perform work under the color of the law.

72. Defendants CITY OF PATERSON, and PATERSON POLICE DEPARTMENT failed to exercise reasonable care and were negligent in selecting, hiring and retaining Defendants CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C.

RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), to perform

work.  At the time, Defendants CITY OF PATERSON and PATERSON POLICE

DEPARTMENT selected, hired or retained Defendants CHIEF OF POLICE JAMES F.

WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE

SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON,

PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER

MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN

AND JANE DOES 1-10 (unidentified police officers), and at all other relevant times, Defendants

knew or reasonably should have known that Defendants Paterson Police Officers would violate

Plaintiff LINETTE VAZQUEZ's civil and constitutional rights and that as a direct and

proximate result of those violations, Plaintiff would suffer damages alleged herein. Defendants'

CITY OF PATERSON and PATERSON POLICE DEPARTMENT conduct constitutes

negligence per se and is actionable under the laws of the State of New Jersey and the laws of the

United States.

73. As a direct and proximate result of Defendants CITY OF PATERSON and PATERSON

POLICE DEPARTMENT negligent selection, hiring and retention,  Plaintiff LINETTE

VAZQUEZ suffered and continues to suffer physical, psychological and emotional distress,

humiliation, embarrassment, discomfort, loss of freedom, anxiety, inconvenience, and mental

and emotional anguish.

**WHEREFORE**, Plaintiff LINETTE VAZQUEZ demands judgment against Defendants

CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F.

WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE

SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON,

PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER

MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN

AND JANE DOES 1-10 (unidentified police officers), jointly, severally and/or individually for:

    (a) compensatory damages;

    (b) attorney fees, filing fees and cost of suit; and

    (c) any further relief which the Court may deem equitable and just.

## COUNT TWELVE
### Violation of Civil Rights under N.J.S.A. 10:6-1

74.    Plaintiff repeats and re-alleges each and every allegation contained in Count One, Count

Two, Count Three, Count Four, Count Five, Count Six, Count Seven, Count Eight, Count Nine,

Count Ten, and Count Eleven as if set forth at length herein.

75.    On or about March 15, 2011, Defendants CITY OF PATERSON and PATERSON

POLICE DEPARTMENT through its agents, servants and/or employees violated the civil rights

of Plaintiff LINETTE VASQUEZ under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq.

by using excessive force against her, falsely imprisoning her, and failing to provide her needed

medical treatment. Defendants CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE

SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456,

PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER

MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON

POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified

police officers) for creating an atmosphere of lawlessness within which officers perpetuated a

violation of civil rights based upon gender, unlawful arrest, detention and confinement,

discrimination, depravation of liberty, and prejudice against the Plaintiff LINETTE VAZQUEZ.

Plaintiff LINETTE VAZQUEZ was detained, unlawfully arrested, and physically assaulted by

members of the Paterson Police Department inflicting physical injuries, psychological trauma,

fear, and humiliation, all of which were done in the belief that such acts were justified by the Defendants' authority as police officers of the City of Paterson and otherwise under the color of the law.

77.     Plaintiff LINETTE VASQUEZ alleges that such acts directed towards her were negligent and/or malicious and the acts were done in violation of Plaintiff's civil rights under the New Jersey Civil Rights Act, N.J.S.A. 10: 6-1 et. seq.

78.     As a direct and proximate result of all Defendants' named herein concerted unlawful and/or negligent and/or malicious detention and confinement, and false imprisonment, Plaintiff LINETTE VASQUEZ suffered and continues to suffer physical, psychological and emotional distress, humiliation, embarrassment, loss of freedom, anxiety, inconvenience, and mental and emotional anguish.

        **WHEREFORE**, Plaintiff LINETTE VAZQUEZ demands judgment against Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), jointly, severally and/or individually for:

        (a) compensatory damages;

        (b) attorney fees, filing fees and cost of suit; and

        (c) any further relief which the Court may deem equitable and just.

## COUNT THIRTEEN
### (Respondeat Superior)

79.     Plaintiff repeats and re-alleges each and every allegation contained in Count One, Count Two, Count Three, Count Four, Count Five, Count Six, Count Seven, Count Eight, Count Nine, Count Ten, Count Eleven and Count Twelve as if set forth at length herein.

80.   CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), were at all times herein acting within the scope of their employment, as employees of the City of Paterson and the Paterson Police Department.

81.     While acting within the scope of their employment Defendants CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), were negligent in their performance and/or failure to perform their duties.

82.     Under Respondeat Superior, the Defendants CITY OF PATERSON, and the PATERSON POLICE DEPARTMENT are liable for the acts of, and injury caused by said officers.

     **WHEREFORE**, Plaintiff LINETTE VAZQUEZ demands judgment against Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO, PATERSON POLICE

SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER ANDRE JACKSON,

PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON POLICE OFFICER

MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C. RODRIGUEZ, and JOHN

AND JANE DOES 1-10 (unidentified police officers), jointly, severally and/or individually for:

    (a) Compensatory damages

    (b) Attorney fees, filing fees and cost of suit; and

    (c) Any further relief which the Court may deem equitable and just.

### JURY DEMAND

Plaintiff LINETTE VAZQUEZ hereby demands trial by jury on all issues against

Defendants CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF

POLICE JAMES F. WITTIG, PATERSON POLICE SERGEANT A. GROVATTO,

PATERSON POLICE SERGEANT BADGE NUMBER 0456, PATERSON POLICE OFFICER

ANDRE JACKSON, PATERSON POLICE OFFICER MICHAEL AVILA, PATERSON

POLICE OFFICER MICHAEL MEZEY, PATERSON POLICE OFFICER JUAN C.

RODRIGUEZ, and JOHN AND JANE DOES 1-10 (unidentified police officers), jointly,

severally and/or individually and in their official capacity.

LAW OFFICES OF NANCY E. LUCIANNA, P.C.

BY: _____

        NANCY E.  LUCIANNA, ESQ.

        Attorney for Plaintiff, Linette Vazquez

Dated: 11/16/13

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that NANCY E.

LUCIANNA, ESQ. of THE LAW OFFICES OF NANCY E. LUCIANNA, P.C. is hereby

designated as trial counsel on behalf of the Plaintiff.

LAW OFFICES OF NANCY E. LUCIANNA, P.C.

BY: _____

NANCY E.  LUCIANNA, ESQ.
Attorney for Plaintiff, Linette Vazquez

Dated: _1/16/13_

## CERTIFICATION PURSUANT TO R.4:5-1

I hereby certify that the matter in controversy is not the subject of any other action,

pending in any court or of a pending arbitration proceeding, nor is any such action or arbitration

proceeding presently contemplated.

LAW OFFICES OF NANCY E. LUCIANNA, P.C.

BY: _____

NANCY E. LUCIANNA, ESQ.
Attorney for Plaintiff, Linette Vazquez

Dated: _1/16/13_