JOEL M. MIKLACKI, ESQ.
One Howe Avenue, Suite 301
Passaic, New Jersey 07055
(973) 779-3300
Attorney for Defendant, Sergeant Anthony Giovatto (improperly pleaded as "A. Grovatto")

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

LINETTE VAZQUEZ,

                Plaintiff,

v.

CITY OF PATERSON, PATERSON POLICE
DEPARTMENT, CHIEF OF POLICE JAMES F.
WITTIG, PATERSON POLICE SERGEANT A.
GIOVATTO (improperly pleaded as A. GROVATTO),
OATERSIB OIKUCE SERGEABT BADGE NUMBER
0456, PATERSON POLICE OFFICER ANDRE
JACKSON, PATERSON POLICE OFFICER
MICHAEL AVILA, PATERSON POLICE OFFICER
MICHAEL MEZEY, PATERSON POLICE OFFICER
JUAN C. RODRIGUEZ, AND JOHN AND JANE
DOES 1-10 (unidentified police officers), individually
and in their official capacity,

                Defendants.

Civil Action No. 2:13-cv-433 (WJM-MF)

**ANSWER, SEPARATE DEFENSES,
CROSSCLAIM, ANSWER TO
CROSSCLAIM, DEMAND FOR
DAMAGES, JURY DEMAND, TRIAL
ATTORNEY DESIGNATION**

Defendant Police Sergeant Anthony Giovatto (improperly pleaded as "A. Grovatto") hereinafter "defendant"), hereby responds to Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.      Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 1 and leaves plaintiff to her proofs.

2.      Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 2 and leaves plaintiff to her proofs.

3.      Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 3 and leaves plaintiff to her proofs.

## PARTIES

4.      Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 4 and leaves plaintiff to her proofs.

5.      Defendant admits that he is employed by the Paterson Police Department but denies the remaining allegations contained in Paragraph 5, leaving Plaintiff to her proofs.

6.      Defendant admits he is employed by the Paterson Police Department and at all relevant times acting in the capacity as an employee of the City of Paterson, but denies the remaining allegations contained in Paragraph 6, leaving Plaintiff to her proofs.

7.      Defendant denies the allegations contained in Paragraph 7, and leaves Plaintiff to her proofs.

8.      No response is required to Paragraph 8 as the allegations are not directed to this defendant.  To the extent the allegations may be deemed as pertaining to this defendant, they are denied as to this defendant.

9.      No response is required to Paragraph 9 as the allegations are not directed to this defendant.  To the extent the allegations may be deemed as pertaining to this defendant, they are denied as to this defendant.

## FACTUAL BASIS COMMON TO ALL CLAIMS

10.      Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 10 and leaves plaintiff to her proofs.

11.      Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 11 and leaves plaintiff to her proofs.

12.     Defendant denies the allegations contained in Paragraph 12 and leaves plaintiff to her proofs.

13.     Defendant denies the allegations contained in Paragraph 13 and leaves plaintiff to her proofs.

14.     Defendant denies the allegations contained in Paragraph 14 and leaves plaintiff to her proofs.

15.     Defendant denies the allegations contained in Paragraph 15 and leaves plaintiff to her proofs.

16.     Defendant denies the allegations contained in Paragraph 16 and leaves plaintiff to her proofs.

17.     Defendant denies the allegations contained in Paragraph 17 and leaves plaintiff to her proofs.

18.     Defendant admits that he is a Sergeant of the Paterson Police Department but denies the remaining allegations contained in Paragraph 18, leaving Plaintiff to her proofs.

## CAUSES OF ACTION

## COUNT ONE

19.     Defendant repeats and realleges the answers in paragraphs 1-18 above as if set forth fully herein.

20.     Defendant denies the allegations contained in Paragraph 20 and leaves plaintiff to her proofs.

21.     Defendant denies the allegations contained in Paragraph 21 and leaves plaintiff to her proofs.

22.     Defendant denies the allegations contained in Paragraph 22 and leaves plaintiff to her proofs.

23.     Defendant denies the allegations contained in Paragraph 23 and leaves plaintiff to her proofs.

24.     Defendant denies the allegations contained in Paragraph 24 and leaves plaintiff to her proofs.

25.     Defendant denies the allegations contained in Paragraph 25 and leaves plaintiff to her proofs.

26.     Defendant denies the allegations contained in Paragraph 26 and leaves plaintiff to her proofs.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

<u>**COUNT TWO**</u>

27.     Defendant repeats and realleges the answers in paragraphs 1-26 above as if set forth fully herein.

28.     Defendant denies the allegations contained in Paragraph 28 and leaves plaintiff to her proofs.

29.     Defendant denies the allegations contained in Paragraph 29 and leaves plaintiff to her proofs.

30.     Defendant denies the allegations contained in Paragraph 30 and leaves plaintiff to her proofs.

31.     Defendant denies the allegations contained in Paragraph 31 and leaves plaintiff to her proofs.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

## COUNT THREE

32.     Defendant repeats and realleges the answers in paragraphs 1-31 above as if set forth fully herein.

33.     Defendant denies the allegations contained in Paragraph 33 and leaves plaintiff to her proofs.

34.     Defendant denies the allegations contained in Paragraph 34 and leaves plaintiff to her proofs.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

## COUNT FOUR

35.     Defendant repeats and realleges the answers in paragraphs 1-34 above as if set forth fully herein.

36.     Defendant denies the allegations contained in Paragraph 36 and leaves plaintiff to her proofs.

37.     Defendant denies the allegations contained in Paragraph 37 and leaves plaintiff to her proofs.

38.     Defendant denies the allegations contained in Paragraph 38 and leaves plaintiff to her proofs.

39.     Defendant denies the allegations contained in Paragraph 39 and leaves plaintiff to her proofs.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

## COUNT FIVE

40.     Defendant repeats and realleges the answers in paragraphs 1-39 above as if set forth fully herein.

41.     Defendant denies the allegations contained in Paragraph 41 and leaves plaintiff to her proofs.

42.     Defendant denies the allegations contained in Paragraph 42 and leaves plaintiff to her proofs.

43.     Defendant denies the allegations contained in Paragraph 43 and leaves plaintiff to her proofs.

44.     Defendant denies the allegations contained in Paragraph 44 and leaves plaintiff to her proofs.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

## COUNT SIX

45.     Defendant repeats and realleges the answers in paragraphs 1-44 above as if set forth fully herein.

46.     Defendant denies the allegations contained in Paragraph 46 and leaves plaintiff to her proofs.

47.     Defendant denies the allegations contained in Paragraph 47 and leaves plaintiff to her proofs.

48.    Defendant denies the allegations contained in Paragraph 48 and leaves plaintiff to her proofs.

49.    Defendant denies the allegations contained in Paragraph 49 and leaves plaintiff to her proofs.

50.    Defendant denies the allegations contained in Paragraph 50 and leaves plaintiff to her proofs.

51.    Defendant denies the allegations contained in Paragraph 51 and leaves plaintiff to her proofs.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

## COUNT SEVEN

52.    Defendant repeats and realleges the answers in paragraphs 1-51 above as if set forth fully herein.

53.    Defendant denies the allegations contained in Paragraph 53 and leaves plaintiff to her proofs.

54.    Defendant denies the allegations contained in Paragraph 54 and leaves plaintiff to her proofs.

55.    Defendant denies the allegations contained in Paragraph 55 and leaves plaintiff to her proofs.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

## COUNT EIGHT

56.     Defendant repeats and realleges the answers in paragraphs 1-55 above as if set forth fully herein.

57.     Defendant denies the allegations contained in Paragraph 57 and leaves plaintiff to her proofs.

58.     Defendant denies the allegations contained in Paragraph 58 and leaves plaintiff to her proofs.

59.     Defendant denies the allegations contained in Paragraph 59 and leaves plaintiff to her proofs.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

## COUNT NINE

60.     Defendant repeats and realleges the answers in paragraphs 1-59 above as if set forth fully herein.

61.     Defendant denies the allegations contained in Paragraph 61 and leaves plaintiff to her proofs.

62.     Defendant denies the allegations contained in Paragraph 62 and leaves plaintiff to her proofs.

63.     Defendant denies the allegations contained in Paragraph 63 and leaves plaintiff to her proofs.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

## COUNT TEN

64.     Defendant repeats and realleges the answers in paragraphs 1-63 above as if set forth fully herein.

65.     Defendant denies the allegations contained in Paragraph 65 and leaves plaintiff to her proofs.

66.     Defendant denies the allegations contained in Paragraph 66 and leaves plaintiff to her proofs.

67.     Defendant denies the allegations contained in Paragraph 67 and leaves plaintiff to her proofs.

68.     Defendant denies the allegations contained in Paragraph 68 and leaves plaintiff to her proofs.

69.     Defendant denies the allegations contained in Paragraph 69 and leaves plaintiff to her proofs.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

## COUNT ELEVEN

70.     Defendant repeats and realleges the answers in paragraphs 1-69 above as if set forth fully herein.

71.     No response is required to the extent the allegations contained in Paragraph 71 are not directed to this defendant.  To the extent the allegations may be deemed as pertaining to this defendant, it is admitted that defendant is employed by the Paterson Police Department and at all times in the performance of duties does so under color of law.

72.     Defendant denies the allegations contained in Paragraph 72 and leaves plaintiff to her proofs.

73.     Defendant denies the allegations contained in Paragraph 73 and leaves plaintiff to her proofs.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

## COUNT TWELVE

74.     Defendant repeats and realleges the answers in paragraphs 1-73 above as if set forth fully herein.

75.     Defendant denies the allegations contained in Paragraph 75 and leaves plaintiff to her proofs.

76.     No paragraph 76 is contained in Plaintiff's complaint.

77.     Defendant denies the allegations contained in Paragraph 77 and leaves plaintiff to her proofs.

78.     Defendant denies the allegations contained in Paragraph 78 and leaves plaintiff to her proofs.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

## COUNT THIRTEEN

79.     Defendant repeats and realleges the answers in paragraphs 1-78 above as if set forth fully herein.

80.     Defendant denies the allegations contained in Paragraph 80 and leaves plaintiff to her proofs.

81.     Defendant denies the allegations contained in Paragraph 81 and leaves plaintiff to her proofs.

82.     Defendant denies the allegations contained in Paragraph 82 and leaves plaintiff to her proofs.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

1.      The incident mentioned in the Complaint and the Plaintiffs' injuries and damages were caused solely by the Plaintiffs' negligence.

2.      At all times mentioned in the Complaint, any and all actions or omissions of these parties relating in any way to Plaintiffs' alleged damages involved decisions of these parties within an area of non-actionable governmental discretion.  By virtue of the said premises, these parties are not liable to any party herein.

3.      The complaint fails to state a claim upon which relief can be granted.

4.      Plaintiffs' claims are barred by the Statute of Limitations.

5.      The defendant, public entities or public employees are within the contemplation of the New Jersey Tort Claims Act and are entitled to all provisions, exemptions, immunities and limitations as to damages of the New Jersey Tort Claims Act.

6.      The damages of the plaintiff, if any, are limited by the applicable laws of the State of New Jersey as respects contributory negligence.

7.      There was no denial of procedural and/or substantive due process under the Fourteenth Amendment.

8.      There was no deprivation of liberty without due process of law.

9.      There is no cause of action under 42 U.S.C. §1983.

10.     The Plaintiff's Complaint is barred as against public policy in this state.

11.     The Plaintiff's Complaint is barred due to the doctrine of unclean hands.

12.     Any and all injuries and damages that may have been sustained by the plaintiff(s) were caused solely by the negligence of persons not under the control of this defendant.

13.     All of the acts of this defendant were performed in good faith.

14.     The injuries and damages of the plaintiff(s) took place on public grounds, buildings or structures and by statute the Defendant is not answerable in damages.

15.     The individual defendant was an employee of a municipal corporation acting in the exercise of his usual duties and under such circumstances is immune from responsibility.

16.     This defendant is immune from punitive damages pursuant to the Eleventh Amendment, Federal Law, and New Jersey Law.

17.     Defendant is not liable to claimant since at the time of the acts complained of he was acting in good faith as a statutory police officer.

18.     Plaintiff has not set forth sufficient facts to establish any liability of Sergeant Anthony Giovatto.

19.     Defendant denies he was guilty of any negligence which was the proximate or producing cause of any injuries or damages alleged to have been sustained by plaintiff.

20.     Plaintiff's Complaint is frivolous and without merit as to this Defendant and should be stricken on this basis.

21.     This defendant has engaged in discretionary activities precluding liability against this Defendant pursuant to N.J.S.A. 59:2-3 and/or N.J.S.A. 59:3-2.

22.     The Court lacks jurisdiction over the subject matter of the within litigation.

23.     Defendant denies any breach of duty to plaintiff.

24.     Plaintiff has not been deprived of any right, privilege or immunity secured to her by the United States Constitution or any act of Congress.

25.     Plaintiff has not been deprived of any right, privilege or immunity secured to her by the Constitution and the laws of the State of New Jersey.

26.     Plaintiff alleges no facts which give rise to a claim for punitive damages.

27.     Defendant's actions were in accordance with his duties as a police officer and are entitled to the protection afforded under the grant of qualified immunity.

28.     Defendant's actions were in accordance with his duties as a police officer and are entitled to the protection afforded under the grant of absolute immunity.

29.     Defendant did not, and was not reasonably expected to know, that any actions taken with respect to the plaintiff were in violation of Plaintiff's rights.

30.     Defendant did not ratify or condone in any manner whatsoever any wrongdoing or any violation of any rights of plaintiff.

31.     This action has been commenced by Plaintiff in bad faith and with the intent to harass this Defendant and cost great sums of money to defend the cause of action and, therefore, this Defendant will seek reimbursement for attorneys fees and costs pursuant to 42 U.S.C. § 1988 and N.J.S.A. 2A:15-59.1.

32.     The complaint must be dismissed because plaintiff has failed to exhaust her administrative remedies for any injuries claimed or deemed to be claimed by her.

33.     The recovery of the plaintiff, if any, is limited pursuant to N.J.S.A. 59:9-3.

34.     The plaintiff failed to file a notice of claim against this Defendant as to any State claims asserted and any and all State claims should be dismissed as per N.J.S.A. 59:8-8 and 59:8-9.

35.     Any and all State claims of plaintiff are barred by N.J.S.A. 59:1-1, et seq., including but not limited to 59:2-2, 2-3, 2-4, 3-3, 3-8, 5-2, 5-4, and 9-2.

36.     This lawsuit is barred under the provisions of 42 U.S.C. § 1983.

37.     This defendant claims attorney's fees and costs of suit under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

38.     This defendant has not acted with a deliberate indifference to the rights of plaintiff and, therefore, the within cause of action should be dismissed.

39.     Any and all injuries and damages sustained by the plaintiff were directly and proximately caused by the plaintiff herself in an effort to avoid lawful police activity.

40.     This defendant denies he was guilty of any negligence which was the proximate producing cause of any injuries or damages alleged to have been sustained by the plaintiff.

41.     Defendant acted with legal justification, in good faith and with probable cause based upon the then existing exigent circumstances, using reasonable force, in the good faith execution and enforcement of the law.

42.     Defendant acted on reasonable grounds, without malice, and with probable cause under the then existing exigent circumstances and is, therefore, not responsible in damages to the plaintiff.

43.     Plaintiff committed acts of violence and force upon this defendant when said named defendant was attempting the lawful arrest of plaintiff, thus requiring the use of reasonable force in or to effectuate the lawful arrest of plaintiff.

44.     The intentional, unlawful or criminal conduct of the Plaintiff is the direct and proximate cause of her damage, if any.

45.     The claim is barred by the doctrine of laches.

46.     The Plaintiff's Complaint is barred due to the doctrine of estoppel.

47.     The Plaintiff's Complaint is barred due to the doctrine of avoidable consequences.

48.     The Plaintiff's Complaint is barred due to fraud.

49.     The Plaintiff's Complaint is barred due to the doctrine of illegality.

50.     The Plaintiff's Complaint is barred due to the doctrine of waiver.

51.     The Plaintiff's Complaint is barred due to the doctrine of collateral estoppel.

52.     The Plaintiff's Complaint is barred due to the doctrine of res judicata.

53.     This defendant asserts the defense of insufficiency of process.

54.     This defendant asserts the defense of insufficiency of service of process.

55.     This defendant denies having acted in a palpably unreasonable manner.

56.     This defendant incorporates by reference each and every defense of every co-defendant, named or unnamed, as if set forth at length herein.

57.     The Plaintiff's claims are generalized and conclusory and defendants cannot fully anticipate all the affirmative defenses that may be asserted in the within action.  Accordingly, the defendants reserve the right to impose such other and further defenses as continuing investigation and discovery may reveal.

## CROSS-CLAIM FOR CONTRIBUTION

Defendant, Sergeant Anthony Giovatto, by way of Cross-Claim against all named co-defendants says:

## CROSS-CLAIM FOR CONTRIBUTION FROM ALL DEFENDANTS

Without admitting any liability to Plaintiff for any damages alleged, if a judgment is recovered against Defendant, Police Sergeant Anthony Giovatto demands contribution from all co-defendants pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

**WHEREFORE**, Defendant Police Sergeant Anthony Giovatto hereby demands judgment from the co-defendants, awarding damages, attorneys' fees, costs of suit, and such further relief as the Court deems proper and just.

## CROSS-CLAIM FOR INDEMNIFICATION

Without admitting any liability to Plaintiff for any damages alleged, if a judgment is recovered against Defendant, Police Sergeant Anthony Giovatto demands judgment against all co-defendants for indemnification of any sum for which they might be found liable pursuant to relevant New Jersey laws.

**WHEREFORE,** this defendant demands judgment by way of indemnity against the co-defendants for any judgment which may be entered in favor of the plaintiffs against this defendant.

## ANSWER TO CROSSCLAIMS

Defendant Police Sergeant Anthony Giovatto denies each and every allegation of any cross-claim, claim for contribution or claim for indemnification which has been and which may be asserted against him by any party in this litigation.

## REQUEST FOR STATEMENT OF DAMAGES

Pursuant to L. Civ. R. 8.1, Defendant requests that Plaintiff, within 10 days of service of this pleading, provide a written statement of the amount of damages claimed in the within action.

## JURY TRIAL DEMANDED

This Defendant requests a trial by jury on all issues in the above-entitled matter.

## TRIAL ATTORNEY DESIGNATION

Defendant hereby designates Joel M. Miklacki, Esq. as trial counsel in this matter.


/s/ Joel M. Miklacki
JOEL M. MIKLACKI, ESQ.
One Howe Avenue, Suite 301
Passaic, New Jersey
Attorney for Defendant Sergeant Anthony Giovatto

Date:   February 25, 2013