Goodman, Galluccio, & Chessin
337 Park Avenue
Paterson, NJ 07504
(973)742-1077
(973)742-1346 Fax
Attorneys for Defendant Police Officer Michael Mezey

_____

| | | |
|---|---|---|
| LINETTE VAZQUEZ, | : | UNITED STATES DISTRICT COURT |
| Plaintiff. | : | FOR THE DISTRICT OF NEW JERSEY |
| VS. | : | |
| | : | |
| CITY OF PATERSON, PATERSON | : | DOCKET NO.: 13-433 (WJM) |
| POLICE DEPARTMENT, CHIEF OF | : | |
| POLICE JAMES F. WITTIG, PATERSON | : | CIVIL ACTION |
| POLICE SERGEANT A. GROVATTO, | : | |
| PATERSON POLICE SERGEANT BADGE | : | |
| NUMBER 0456, PATERSON POLICE | : | |
| OFFICER ANDRE JACKSON, PATERSON | : | |
| POLICE OFFICER MICHAEL AVILA, | : | ANSWER, SEPARATE DEFENSES, |
| PATERSON POLICE OFFICER MICHAEL | : | CROSSCLAIM, ANSWER TO |
| MEZEY, PATERSON POLICE OFFICER | : | CROSSCLAIM, JURY DEMAND, |
| JUAN C. RODRIGUEZ, AND JOHN AND | : | TRIAL ATTORNEY DESIGNATION |
| JANE DOES 1-10 (unidentified police | : | |
| Officers, individually and in their official | : | |
| Capacity,) | : | |
| Defendant. | : | |

_____

Defendant Police Officer Michael Mezey hereinafter "Defendant" by way of Answer says:

Jurisdiction and Venue

1.  Defendant is without sufficient information to admit or deny the allegations of paragraph 1 and leaves Plaintiff to her proofs.

2.   Defendant is without sufficient information to admit or deny the allegations of paragraph 2 and leaves Plaintiff to her proofs.

3. Defendant is without sufficient information to admit or deny the allegations of paragraph 3 and leaves Plaintiff to her proofs.

### Parties

4. Defendant is without sufficient information to admit or deny the allegations of paragraph 4 and leaves Plaintiff to her proofs.

5. Defendant admits that he was employed by the Paterson at all times relevant hereto and leaves Plaintiff to her proofs on the remaining allegations of paragraph 5.

6. Defendant admits that he was employed by the Paterson at all times relevant hereto and leaves Plaintiff to her proofs on the remaining allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. The allegations of paragraph 8 are not directed to Defendant and Defendant leaves Plaintiff to her proofs.

9. The allegations of paragraph 9 are not directed to Defendant and Defendant leaves Plaintiff to her proofs.

### Factual Basis Common to all Claims

10. Defendant is without sufficient information to admit or deny the allegations of paragraph 10 and leaves Plaintiff to her proofs.

11. Defendant admits he was at the location enumerated and leaves Plaintiff to her proofs.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant admits Plaintiff was arrested, denies the remaining allegations and leaves Plaintiff to her proofs.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17 and leaves Plaintiff to her proofs.

18. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 18 and leaves Plaintiff to her proofs.

### Causes of Action

<u>Count One</u>
Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
(General Allegation)

19. Defendant repeats the responses of paragraph 1-18 and hereby incorporates same herein as if fully forth in detail.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

Wherefore, Defendant demands Judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems just and equitable.

<u>Count Two</u>
Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
(Failure to Implement Appropriate Policies, Customs, and Practices)

27. Defendants repeat the responses of paragraph 1-26 and hereby incorporates same herein as if fully set forth in detail.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

Wherefore, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems just and equitable.

<u>Count Three</u>
Violation of Civil Rights Pursuant to 42 U.S.C. § 1983

32. Defendant repeats the responses of paragraphs 1-31 and hereby incorporates same herein as if fully set forth in detail.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

Wherefore, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems just and equitable.

Count Four
Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
(Assault and Battery / Excessive and Unreasonable Use of Force)

35. Defendant repeats the responses of paragraph 1-34 and hereby incorporates same herein as if fully set forth in detail.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

Wherefore, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems just and equitable.

Count Five
Conspiracy

40. Defendant repeats the responses of paragraph 1-39and hereby incorporates same herein as if fully set forth in detail.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

Wherefore, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems just and equitable.

Court Six

Malicious Prosecution

45.  Defendant repeats the responses of paragraphs 1-44 and incorporates same herein as if fully set forth in detail.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

Wherefore, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems just and equitable.

<u>Count Seven</u>
Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
(False Detention and Confinement)

52. Defendant respects the responses of paragraphs 1-51 and hereby incorporates same as if fully set forth in detail.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

Wherefore, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems just and equitable.

<u>Count Eight</u>
(Intentional Infliction of Emotional Distress)

56. Defendant repeats the responses of paragraphs 1-55 and hereby incorporates same as if fully set forth in detail.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59.

Wherefore, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems just and equitable.

Count Nine
(Negligence)

60. Defendant repeats the responses of paragraph 1-59 and hereby incorporates same herein as if fully set forth in detail.

61. Defendant denies the allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

Wherefore, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems just and equitable.

Count Ten
Violation of Civil Rights Pursuant to 42 US.C. § 1983
(Negligent Supervision)

64. Defendant repeats the responses of paragraph 1-63 and hereby incorporates same as if fully set forth in detail.

65. Defendant denies the allegations of paragraph 65.

66. Defendant denies the allegations of paragraph 66.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.


Wherefore, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems just and equitable.


Count Eleven
Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
(Negligent Hiring)

70. Defendant respects the responses f paragraph 1-69 and hereby incorporates as if fully set forth in detail.

71. Defendant leaves Plaintiff to her proofs.

72. Defendant denies the allegations of paragraph 72.

73. Defendant denies the allegations of paragraph 73.

Wherefore, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems just and equitable.

Count Twelve
Violation of Civil Rights under N.J.S.A 10:6-1

74. Defendant repeats the responses to paragraphs 1-73 and hereby incorporates same as if fully set forth in detail.

75. Defendant denies the allegations of paragraph 75.

76. Paragraph 76 is omitted from Plaintiffs complaint.

77. Defendant denies the allegations of paragraph 77.

78. Defendant denies the allegations of paragraph 78.

Wherefore, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems just and equitable.

Count Thirteen
(Respondeat Superior)

79. Defendant repeats the responses of paragraphs 1-78 and hereby incorporates same as if fully set forth in detail.

80. Defendant admits paragraph 80.

81. Defendant denies the allegations of paragraph 81.

82. Defendant denies the allegations of paragraph 82.

Wherefore, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and such other relief as the Court deems just and equitable.

**Affirmative Defenses**

1. The incident mentioned in the Complaint and the Plaintiff's injuries and damages were caused solely by the Plaintiffs' negligence.

2. At all times mentioned in the Complaint, any and all actions or omissions of these parties relating in any way to Plaintiff's alleged damages involved decisions of these parties within an area of non-actionable governmental discretion. By virtue of the said premises, these parties are not liable to any party herein.

3. The complaint fails to state a claim upon which relief can be granted.

4. Plaintiff's claims are barred by the Statute of Limitations.

5. The defendant, public entities or public employees are within the contemplation of the New Jersey Tort Claims Act and are entitled to all provisions, exemptions, immunities and limitations as to damage of the New Jersey Tort Claims Act.

6. The damages of the Plaintiff, if any, are limited by the applicable laws of the State of New Jersey as respects contributory negligence.

7. There was no denial of procedural and/or substantive due process under the Fourteen Amendment.

8. There was no deprivation of liberty without due process of law.

9. There is no cause of action under 42 U.S.C. § 1983.

10. The Plaintiff's Complaint is barred as against public policy in this state.

11. The Plaintiff's Complaint is barred due to the doctrine of unclean hands.

12. Any and all injuries and damages that may have been sustained by the Plaintiff(s) were caused sole by the negligence of persons not under the control of this defendant.

13. All of the acts of this defendant were performed in good faith.

14. The injuries and damages of the Plaintiff(s) took place on public grounds, buildings or structures and by the statue the Defendant is not answerable in damages.

15. The individual defendant was an employee of Municipal Corporation acting in the exercise of his usual duties and under such circumstances is immune from responsibility.

16. This defendant is immune from punitive damages pursuant to the Eleventh Amendment, Federal Law, and New Jersey Law.

17. Defendant is not liable to claimant since at the time of acts complained of he was acting in good faith as a statutory police officer.

18. Plaintiff has not set forth sufficient facts to establish any liability of Officer Michael Mezey.

19. Defendant denies he was guilty of any negligence which was the proximate or producing cause of any injuries or damages alleged to have been sustained by plaintiff.

20. Plaintiff's Complaint is frivolous and without merit as to this Defendant and should be stricken on this basis.

21. This defendant has engaged in discretionary activities precluding liability against this Defendant pursuant to N.J.S.A. 59:2-3 and/or N.J.S.A. 59:3-2.

22. The Court lacks jurisdiction over the subject matter of the within litigation.

23. Defendant denies any breath of duty to Plaintiff.

24. Plaintiff has not been deprived of any right, privilege or immunity secured to her by the United States Constitution or any act of Congress.

25. Plaintiff has not been deprived of any rights, privilege or immunity secured to her by the Constitution and the laws of the State of New Jersey.

26. Plaintiff alleges no facts which give rise to a claim for punitive damages.

27. Defendant's actions were in accordance with his duties as a police officer and are entitled to the protection afforded under the grant of qualified immunity.

28. Defendant's actions were in accordance with his duties as a police officer and are entitled to the protection afforded under the grant of absolute immunity.

29. Defendant did not, and was not reasonably expected to know, that any actions taken with respect to the Plaintiff were in violation of Plaintiff's rights.

30. Defendant did not ratify or condone in any manner whatsoever any wrongdoing or any violation of any rights of Plaintiff.

31. This action has been commenced by Plaintiff in bad faith and with the intent to harass this Defendant and cost great sums of money to defend the cause of action and, therefore, this Defendant will seek reimbursement for attorney's fees and costs pursuant to 42 U.S.C. § 1988 and N.J.S.A. 2:15-59.1.

32. The complaint must be dismissed because plaintiff has failed to exhaust her administrative remedies for any injuries claimed or deemed to be claimed by her.

33. The recovery of the Plaintiff, if any, is limited pursuant to N.J.S.A. 59:9-3.

34. The plaintiff failed to file a notice of claim against this Defendant as to any State claims asserted and any and all State claims should be dismissed as per N.J.S.A. 59:8-8 and 59:8-9.

35. Any and all the State claims of Plaintiff are barred by N.J.S.A. 59:1-1, et seq., including but not limited to 59:2-2, 2-3, 2-4, 3-3, 3-8, 5-2, 5-4, and 9-2.

36. This lawsuit is barred under the provisions of 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

37. This defendant claims attorney's fees and costs of suit under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

38. This defendant has not acted with a deliberate indifference to the rights of plaintiff and therefore, the within cause of action should be dismissed.

39. Any and all injuries and damages sustained by the plaintiff were directly and proximately caused by the plaintiff herself in an effort to avoid lawful police activity.

40. This defendant denies he was guilty of any negligence which was the proximate producing cause of any injuries or damages alleged to have been sustained by the plaintiff.

41. Defendant acted with legal justification, in good faith and with probable cause based upon the then existing exigent circumstances, using reasonable force, in the good faith execution and enforcement of the law.

42. Defendant acted on reasonable grounds, without malice, and with probable cause under the then existing exigent circumstances and is, therefore, not responsible in damages to the plaintiff.

43. Plaintiff committed acts of violence and force upon defendants when said named defendants were attempting the lawful arrest of plaintiff, thus requiring the use of reasonable force in or to effectuate the lawful arrest of plaintiff.

44. The intentional, unlawful or criminal conduct of the Plaintiff is the direct and proximate cause of her damage, if any.

45. The claim is barred by the doctrine of laches.

46. The Plaintiff's Complaint is barred due to the doctrine of estoppel.

47. The Plaintiff's Compliant is barred due to the doctrine of avoidable consequences.

48. The Plaintiff's Complaint is barred due to fraud.

49. The Plaintiff's Complaint is barred due to the doctrine of illegality.

50. The Plaintiff's Complaint is barred due to the doctrine of waiver.

51. The Plaintiff's Complaint is barred due to the doctrine of collateral estoppel.

52. The Plaintiff's Complaint is barred due to the doctrine of res judicata.

53. This defendant asserts the defense of insufficiency of process.

54. This defendant asserts the defense of insufficiency of service of process.

55. This defendant denies having acted in a palpably unreasonable manner.

56. This defendant incorporates by reference each and every defense of ever co-defendant, named or unmade, as if set forth at length herein.

## **Cross-Claim for Contribution**

Defendants, Officer Michael Mezey, by way of Cross-Claim against all named co-defendants says:

Cross-Claim for Contribution from all Defendants

Without admitting any liability to Plaintiff for any damages alleged, if a judgment is recovered against Defendant, Police Officer Michael Mezey demands contribution from all co-defendants pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

**WHEREFORE**, Defendant Police Officer Michael Mezey hereby demands judgment from the co-defendants, awarding damages, attorneys' fees, costs of suit, and such further relief as the Court deems proper and just.

### Cross-Claim for Indemnification

Without admitting any liability to Plaintiff for any damages alleged, if judgment is recovered against Defendant, Police Officer Michael Mezey demands judgment against all co-defendants for indemnification of any sum for which they might be found liable pursuant to relevant New Jersey laws.

**WHEREFORE**, this defendant demands judgment by way of indemnity against the co-defendants for any judgment which may be entered in favor of the Plaintiffs against this defendant.

### Answer to Cross-Claims

Defendant Police Officer Michael Mezey denies each and every allegation of any cross-claim, claim for contribution or claim for indemnification which has been and which maybe asserted against him by any party in this litigation.

### Request for Statement of Damages

Pursuant to L. Civ. R. 8.1, Defendant requests the Plaintiff, within 10 days of service of this pleading, provide a written statement of the amount of damages claimed in the within action.

### Jury Trial Demand

This Defendant Requests a trial by jury on all issues in the above- entitled matter.

### Trial Attorney Designation

Defendant hereby designates Carmen Cortes-Sykes, Esq.  as trial counsel in this matter.

/s/ Carmen Cortes-Sykes
Carmen Cortes-Sykes, Esq.
337 Park Avenue
Paterson, NJ 07504
Attorney for Defendant Officer Michael Mezey

Dated: March 22, 2013